# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL MCNEIL, | Case No.: 3:20-cv-00668-APG-CSD |
| Plaintiff | **Order** |
| v. | [ECF Nos. 15, 21, 27] |
| WILLIAM GITTERE, et al., | |
| Defendants | |

Plaintiff Michael McNeil sues defendants William Gittere, Matthew Roman, Dennis Homan, Sarah O'Donnell, Harold Wickham, and Amanda Allred, all current or former employees of the Nevada Department of Corrections (NDOC). McNeil is a prisoner at Ely State Prison (ESP) and was administratively charged by NDOC with attempting to smuggle drugs into ESP during his incarceration. He sues under 42 U.S.C. § 1983, alleging the defendants violated the Due Process Clause of the Fourteenth Amendment because his notice of charges did not sufficiently put him on notice of what he was accused of, he was not afforded the opportunity to examine the evidence or call a requested witness during his disciplinary hearing, and he was not adequately notified of the evidence relied upon to find him guilty.

The parties each moved for summary judgment. Magistrate Judge Denney issued a report and recommendation (R&R) proposing that I grant in part and deny in part both motions. The defendants object to the denial of any portion of their motion or the grant of any portion of McNeil's motion. They argue there is no evidence they violated McNeil's rights, and that even if they did they are entitled to qualified immunity because the right was not clearly established. McNeil requests that I adopt the report and recommendation in full. I accept in part and modify in part the R&R.

## I. BACKGROUND

On April 14, 2020, O'Donnell[1] (an NDOC correctional assistant) charged McNeil with possession or sale of intoxicants. ECF Nos. 15-8 at 8; 15-14.  NDOC alleged that an item of mail sent to McNeil from "Got It Girls Entertainment" tested positive for cocaine, and that McNeil and the operator of Got It Girls Entertainment were attempting to smuggle drugs into Nevada prisons via mail. ECF No. 15-8 at 8.  The charge identified the evidence against McNeil as the address label that tested positive for cocaine and recordings of phone calls McNeil placed discussing drug-laced mail items. *Id.*  The evidence was located at the ESP evidence vault or "in camera within Investigations." *Id.*

The NDOC disciplinary process includes a preliminary hearing, where the charged inmate is presented with his notice of charges, and a disciplinary hearing, where the charge is adjudicated. ECF No. 15-10 at 9-22.  Roman (an NDOC correctional sergeant) held McNeil's preliminary hearing on April 21, 2020. ECF No. 15-12 at 10.  McNeil asked that the mail item and positive test result be present at his disciplinary hearing for review, but Roman denied the request. ECF Nos. 1-1 at 7; 15-9 at 3.  The disciplinary hearing was held on April 24, 2020 before a panel including Homan (then the acting disciplinary hearing lieutenant) and Allred (a correctional caseworker specialist). ECF Nos. 15-8 at 2-6; 15-15 at 2-3.  Unlike at his preliminary hearing, McNeil did not request access to the evidence against him during the disciplinary hearing. ECF No. 16.  The panel found McNeil guilty of the charge and imposed a

---

[1] O'Donnell's only involvement in the disciplinary process was charging McNeil, and McNeil does not object to the grant of summary judgment to her on all claims. *See* ECF Nos. 27 at 22-23; 29 at 2.  Accordingly, I accept Judge Denney's unopposed recommendation and grant summary judgment to O'Donnell because she did not personally participate in any deprivation of rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  When I refer to the "defendants" in the remainder of this order, I refer to all defendants except O'Donnell.

penalty of 60 days of statutory time forfeiture, 90 days without canteen privileges, and a referral to the Nevada Attorney General for possible criminal prosecution. ECF No. 15-8 at 2-6.

McNeil appealed by filing a first-level grievance with Gittere (then the warden of ESP) challenging his lack of access to the evidence. ECF No. 15-12 at 5-7. Gittere denied the appeal, reasoning that the evidence was sufficient to find McNeil guilty and that the formal rules of evidence do not apply in NDOC disciplinary proceedings. *Id.* at 8. McNeil then filed a second, final grievance with defendant Wickham (then the Deputy Director at NDOC), again challenging his lack of access to the evidence, which Wickham denied. *Id.* at 2-3. McNeil filed this lawsuit on December 2, 2020. ECF No. 1.

Judge Denney recommends that I: (1) grant summary judgment to the defendants on all claims except whether they violated McNeil's due process rights by denying him access to the evidence used in the disciplinary hearing; (2) grant summary judgment to McNeil insofar as he asserts the defendants violated his due process rights, because there is no genuine dispute that they denied him access to the mail item that tested positive for cocaine and the positive test result; (3) deny the defendants qualified immunity because it was clearly established that McNeil has a constitutional right to access the evidence; and (4) deny the parties' motions on the claim that the defendants violated McNeil's due process rights by denying access to other items of evidence, such as recorded phone calls or mail, because there is a genuine issue of whether McNeil requested that evidence.

## II. ANALYSIS

I review de novo the portions of the R&R to which an objection was made, and may accept, reject, or modify it in whole or in part. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1)(C). McNeil requests that I adopt the R&R in full.

3

ECF No. 29 at 2.  The defendants object to the denial of their motion with respect to whether they violated McNeil's rights by denying access to evidence and whether they are entitled to qualified immunity. ECF No. 28.  Therefore, I review those issues de novo.[2]

I grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it may affect the case outcome under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute is genuine when the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Id.*  The moving party bears the initial burden of informing the court of the basis for its motion and identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If it meets its burden, the burden shifts to the nonmoving party to "produce evidence of a genuine dispute of material fact that could satisfy its burden at trial." *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. County of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

## A.  Denial of Access to the Mail Item and Positive Test Result

Judge Denny recommends summary judgment in McNeil's favor because there is no genuine issue that the defendants denied him access to the requested mail and positive test result. An inmate has a due process right[3] to access the evidence or copies of the evidence to be used

---

[2] I adopt the recommendations to grant summary judgment to the defendants regarding whether the notice of charges sufficiently put McNeil on notice of what he was accused of, whether the denial of his requested witness denied him due process, and whether he was adequately informed of the evidence used to find him guilty of the charge because no party objected to these recommendations.

[3] The defendants do not dispute that McNeil's liberty interests were at stake such that due process protections apply. *See* ECF No. 15 at 11.

against him in a prison disciplinary hearing, including envelopes allegedly containing drugs. *Melnik v. Dzurenda*, 14 F.4th 981, 985-87 (9th Cir. 2021).  But the right is not absolute, and officials may deny access "if they have a legitimate penological reason," including if granting access "would be unduly hazardous to institutional safety or correctional goals." *Id.* at 986-87 (quotations omitted).  A prison may also require inmates to affirmatively request the evidence. *Id.* at 987.

I modify the portion of the R&R granting summary judgment to McNeil on this issue. McNeil is entitled to summary judgment against Roman, Wickham, and Gittere, but not Allred or Homan.  Allred and Homan are entitled to summary judgment in their favor because there is insufficient evidence for McNeil to meet his burden at trial of proving that he asked them for access to the mail item and positive test result.

### 1.  Roman

It is undisputed that McNeil asked Roman to access the mail item and positive test result and that Roman denied the request. *See* ECF Nos. 1-1 at 7; 15-9 at 3.  While Roman had a legitimate penological reason to deny access to the mail item and positive test because they may have contained traces of drugs, he offers no justification for his failure to provide copies. *See Melnik*, 14 F.4th at 987 (holding that "[t]he penological reason must be legitimate" and the "mere label 'confidential' attached [to evidence] by prison officials without logical foundation cannot be used to prohibit a prisoner from accessing evidence to be used in a disciplinary hearing").  Roman's argument that McNeil did not specifically request copies is unpersuasive. An inmate's request for evidence "need not be extremely detailed," and "requesting the right to inspect a document should be understood to include the alternative of a copy of a document." *Id.* And insofar as McNeil requested the test results (such as a printout of the results) rather than the

test itself, Roman offers no legitimate penological purpose for denying access.  Thus, McNeil is entitled to summary judgment against Roman on this claim.

### 2.  Wickham and Gittere

I also adopt the recommendation to grant summary judgment against Wickham and Gittere on this claim because there is no genuine dispute that they personally participated in the denial of access to the mail item and positive test result.  An official is liable under § 1983 only upon a showing that he personally participated in the deprivation of a right. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Wickham and Gittere argue they are entitled to summary judgment because, ordinarily, the denial of an inmate's administrative grievance is not personal participation under § 1983. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation."); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (officials cannot be liable under section 1983 when "their only roles . . . involve the denial of administrative grievances or the failure to act").  However, "[a] defendant may personally participate in a violation by denying a grievance under certain circumstances." *Mack v. Aranas*, Case No. 2:17-cv-02239-APG-EJY, 2021 WL 1535331, at *3 (D. Nev. Apr. 16, 2021) (discussing cases where the denial of an inmate grievance raised a genuine issue of fact under § 1983).  An official who denies a grievance may be liable where he held some decision-making authority or the ability to resolve the underlying deprivation of rights. *Id.*

Here, McNeil's grievances were not about irreversible, completed misconduct because NDOC regulations empowered Wickham and Gittere to correct any error in the disciplinary hearing. *Cf. Henderson v. Muniz*, 196 F. Supp. 3d 1092, 1105 (N.D. Cal. 2016) (denial of grievance for lack of accommodations during Ramadan did not create liability because denial

occurred after Ramadan had concluded).  It is undisputed that Wickham and Gittere had the power to remand the disciplinary proceeding back to the disciplinary panel with instructions that the panel allow McNeil to access the evidence or copies of the evidence. *See* ECF No. 15-10 at 22-24; Nevada Department of Corrections AR 740.05.  They therefore had decision-making authority and could have remedied the underlying deprivation of rights.  Thus, there is no genuine dispute that they personally participated in the denial of McNeil's due process rights by denying him the opportunity to examine the mail item (or a copy) and positive test result.

### 3.  Allred and Homan

I decline to adopt the recommendation that I grant summary judgment on this claim against Allred and Homan.  Instead, I grant them summary judgment because McNeil has not pointed to evidence raising a genuine dispute that he asked them for access to the mail item and positive test result.[4]  A prison may require an inmate to affirmatively request evidence before his right to access that evidence triggers. *Melnik*, 14 F.4th at 987.  McNeil stated in his complaint that Allred and Homan did not provide him evidence "as requested," but that statement,[5] even viewed in the light most favorable to McNeil, is vague and insufficient for a reasonable jury to find in his favor.  Moreover, the recording of the disciplinary hearing lacks any request by McNeil, and Allred stated that she does not recall such a request during the hearing. ECF Nos. 3-

---

[4] Homan submitted a declaration stating that ESP inmates are denied access to evidence if it is held in the evidence vault or in camera with the Investigations department. *See* ECF No. 15-15 at 3.  During the disciplinary hearing, he also stated that McNeil had an idea of the evidence against him due to the notice of charges, and that "there is more behind it as well . . . that [McNeil does not] have access to." ECF No. 16.  But these two pieces of evidence alone are insufficient to raise a genuine issue of whether Homan knew McNeil requested the evidence and Homan denied access.

[5] Because McNeil is pro se, factual statements in his verified complaint are considered evidence. *See King v. County of Los Angeles*, 885 F.3d 548, 553 (9th Cir. 2018) (factual statements in pro se pleadings considered evidence if they are based on personal knowledge, admissible in evidence, and attested to under the penalty of perjury).

1 at 11, 13; 16; 21 at 26. Besides the vague statement in the complaint, McNeil does not point to

any evidence that he directly asked Allred or Homan to provide him with the evidence. There is

also no evidence that they were aware of McNeil's prior request to Roman, and McNeil concedes

that his request to Roman "was not confirmed or documented." ECF No. 3-1 at 10. I thus grant

summary judgment to Allred and Homan on this claim.

## B. Denial of Access to Recordings or Other Mail Items

The defendants also object to the R&R's determination that there is a genuine issue of

whether McNeil requested to review recordings and "other letters referenced in the notice of

charges." ECF No. 27 at 23-24. They argue there is no evidence McNeil requested any evidence

other than the mail item and the positive test result. Allred and Homan are entitled to summary

judgment on this claim because there is no evidence that McNeil asked them for any evidence.

But there is a genuine issue whether the remaining defendants (besides O'Donnell) denied access

to the call recordings and other mail items. Roman stated in his declaration that "McNeil

requested that the evidence used against him be brought to the disciplinary hearing." ECF No.

15-9 at 3. The "evidence used against him" could be construed by a jury to include the

recordings and other mail items because that evidence was used against McNeil. *See* ECF No.

15-14 at 3. Moreover, McNeil's grievances to Wickham and Gittere challenge his lack of access

to "all" of the evidence against him. ECF No. 15-12 at 2, 6. Thus, there is a genuine issue

whether McNeil requested the call recordings and other letters but was denied access by Roman,

Wickham, and Gittere.

## C. Qualified Immunity

The defendants assert that even if they violated McNeil's right to due process, they are

shielded by qualified immunity because his right to access the evidence was not clearly

8

1  established.  "In determining whether qualified immunity applies, courts must determine

2  whether: (1) the facts adduced constitute the violation of a constitutional right; and (2) the

3  constitutional right was clearly established at the time of the alleged violation." *Daniels*

4  *Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 617 (9th Cir. 2018) (quotation omitted).  "To be clearly

5  established, a right must be sufficiently clear that every reasonable official would have

6  understood that what he is doing violates that right." *Stewart v. Aranas*, 32 F.4th 1192, 1195 (9th

7  Cir. 2022) (quotation omitted).

8        The defendants argue that any violated due process right was not clearly established

9  because *Melnik* was decided in 2021.  But *Melnik* held that the right to access evidence or copies

10  of evidence in a prison disciplinary hearing was clearly established by the time of the plaintiff's

11  2015 disciplinary proceedings in that case. *See Melnik*, 14 F.4th at 988-90; *Melnik v. Dzurenda*,

12  Case No. 3:16-cv-00670-MMD-CLB, 2020 WL 607122, at \*1 (D. Nev. Feb. 7, 2020).  McNeil's

13  right therefore was clearly established during the 2020 events at issue in this case.

14        Further, the defendants assert that they are entitled to qualified immunity because they

15  relied upon prison regulations in denying McNeil's requests.  But the cases they cite refer to

16  "duly enacted" statutes or city ordinances where the officer "reasonably relies on the

17  legislature's determination that a statute is constitutional." *Dittman v. California*, 191 F.3d 1020,

18  1027 (9th Cir. 1999) (quotation omitted); *Grossman v. City of Portland*, 33 F.3d 1200, 1209-10

19  (9th Cir. 1994).  The defendants point only to NDOC administrative regulations, not duly

20  enacted statutes.  But even if the doctrine applies to such regulations, "[w]here a statute

21  authorizes official conduct which is patently violative of fundamental constitutional principles,

22  an officer who enforces that statute is not entitled to qualified immunity." *Grossman*, 33 F.3d at

23  1209.  To the extent the defendants relied on NDOC regulations to deny McNeil access to the

evidence, that reliance was not reasonable. *See id.* at 1210.  An NDOC regulation categorizing

evidence as confidential "does not provide any logical explanation for why [a plaintiff] needed to

be denied access to the envelopes or a copy of the envelopes," and "it fails to provide any

legitimate penological reason for denying him the ability to see them." *Melnik*, 14 F.4th at 989.  I

therefore reject this argument.  The defendants are not entitled to qualified immunity.[6]

**III.  CONCLUSION**

I THEREFORE ORDER that Judge Denney's report and recommendation **(ECF No. 27)**

**is adopted in part and modified in part** as follows:

The defendants' motion for summary judgment **(ECF No. 15) is GRANTED in part**.  I

grant summary judgment to defendants Dennis Homan, Amanda Allred, and Sarah O'Donnell on

all issues.  I grant summary judgment to the remaining defendants on all issues except the due

process claim against defendants Matthew Roman, Harold Wickham, and William Gittere

regarding whether those defendants denied plaintiff Michael McNeil access to the mail item that

tested positive for drugs, the positive test result, and other evidence such as call recordings or

additional mail items.

Plaintiff Michael McNeil's motion for summary judgment **(ECF No. 21) is GRANTED**

**in part**.  I grant McNeil summary judgment against defendants Matthew Roman, Harold

Wickham, and William Gittere on the issue of whether they violated McNeil's due process rights

by denying him access to the mail item and positive test result.  I otherwise deny his motion for

summary judgment.

---

[6] Wickham and Gittere argue only generally that McNeil's right to access the mail item and positive test result was not clearly established.  They do not argue that reasonable grievance officers would not have known that denying a grievance can constitute personal participation under § 1983, and it would be improper for me to analyze that issue *sua sponte*.

The remaining issues in this case are: (1) damages with respect to the denial of the mail item and positive test result by defendants Matthew Roman, Harold Wickham, and William Gittere; and (2) whether Roman, Wickham, and Gittere violated McNeil's due process rights by denying him access to other evidence, such as recorded phone calls or additional mail items.

DATED this 22nd day of May, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE